UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIOP L. PRICE,

      *Plaintiff*,

   v.

CORRECTION OFFICER I FU,
CORRECTION OFFICER LIN, CAPTAIN
WICKNAM, and THE CITY OF NEW
YORK,

      *Defendants*.

**ORDER**

19 Civ. 6845 (ER)

Ramos, D.J.:

   On July 22, 2019, Diop L. Price, proceeding *pro se*, filed a complaint against the Department of Corrections ("DOC"), Correction Officer I Fu, Correction Officer Lin, and Captain Wicknam, alleging violations under 42 U.S.C. § 1983. Doc. 2. On August 2, 2019, the Court dismissed the claims against the DOC and added the City of New York ("the City") as a defendant. Doc. 6. The Court requested that the City, Fu, Lin, and Wicknam waive service of summons. *Id*. Fu, Lin, and Wicknam waived service on August 22, 2019, and the City waived service on August 30, 2019. Docs. 8, 9.

   On October 23, 2019, the Court ordered Price to update his contact information with the Court. Doc. 11 at 1. The Court reminded him that failure to comply with the Court's orders may result in adverse court action, including dismissal of the complaint for failure to prosecute. *Id*. The Court instructed the City to provide an update by November 29, 2019 as to whether it had heard from Price and whether it wished to file any motions in response to the complaint. *Id*. at 1–2. On November 26, 2019, the City filed a status report, explaining that Price had not communicated with the City nor had he updated the docket with a current address and requesting that the Court dismiss the complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Doc. 12.

On November 27, 2019, the Court denied without prejudice the City's request to dismiss this action, because there was no indication that correspondence related to this case had been sent to the address listed by Price on his complaint. Doc. 13 at 2. The Court directed the Clerk of Court to change his address on the docket as listed in the complaint. *Id.* The Court further instructed Price to send a letter to the Court indicating receipt of a copy of the docket and each document referenced within the docket as well as his intention to continue this case by December 27, 2019. *Id.* at 3. Finally, the Court warned that it may dismiss the action if Price fails to promptly submit a written notification to the Court if his address changes. *Id.*

On January 3, 2020, the City received a letter from Price addressed to the Court in which he provided an alternative address and indicated that he wished to continue this action. Doc. 18. On January 10, 2020, the Court again issued a warning that Price immediately inform the Court when he is transferred to a new facility or his address otherwise changes lest his action be dismissed. Doc. 20.

On February 10, 2020, the defendants answered the Complaint. Doc. 22. After receiving a letter from Price with his new address, Doc. 24, the Court directed the Clerk of Court to update his address on June 2, 2020. Doc. 25.

Approximately two years later, on April 8, 2022, the Court directed the parties to submit a joint status report regarding the case by April 22, 2022. Doc. 26. The Court mailed a copy of this order and the docket to Price. *Id.* On April 22, 2022, the defendants filed a status report, indicating that they have not heard from Price for over a year and believed that he has abandoned the case. Doc. 27. On April 25, 2022, the Court directed Price to submit a status report by May 9, 2022. Doc. 28. The Court warned that "[f]ailure to comply with Court orders will result in sanctions, including dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." *Id.* The Clerk of Court mailed a copy of the order to Price. *Id.* There has been no communication from Price since his letter dated March 19, 2020. Doc. 24.

For the reasons set forth below, the Court dismisses Price's action without prejudice for failure to prosecute.

## I. LEGAL STANDARD

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)).

"Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). When weighing these factors, "[n]o single factor is generally dispositive." *Id.*

## II. DISCUSSION

In the instant case, the factors weigh in favor of dismissal. *First*, Price has not communicated with the Court since his letter dated March 19, 2020. Doc. 24. Nor has he complied with the Court's orders dated April 8 and April 25, 2022 directing him to provide a status report regarding the case. Docs. 26, 28. Prior to Price's March 19, 2020 letter, the Court had issued several orders regarding Price's obligation to inform the Court

3

of any address change and to comply with the Court's orders.  *See, e.g.*, Docs. 11, 13, 20.  Thus, Price has not taken meaningful action to prosecute this case in over two years.  "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b).  *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Price had clear notice that his case could be dismissed for failure to prosecute.  On April 25, 2022, the Court directed Price to submit a status report regarding the case and warned that failure to comply with Court orders will result in sanctions, including dismissal for failure to prosecute pursuant to Rule 41(b).  Doc. 28.  This order was mailed to Price at the address he provided to the Court.  *Id.*  Moreover, the Court has previously advised him of his obligations to comply with the Court's orders.  Docs. 11, 13, 20.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed."  *LeSane*, 239 F.3d at 210.  Because Price has failed to advance his case for over two years, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Price has not taken advantage of his "right to due process and a fair chance to be heard."  *Id.* at 209.  Indeed, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts."  *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000).  However, dismissal without prejudice and not on the merits is appropriate given that Price's delay has not greatly impacted the Court calendar.  *Morgan v. Does Nos. 1–3*, No. 18 Civ. 2571 (ER), 2020 WL 5646133, at *2 (S.D.N.Y. Sept. 22, 2020); *see also Barnes v. Stop & Shop Supermarket Co., LLC*, No. 19 Civ. 431 (BCM), 2020 WL 3100191, at *3 (S.D.N.Y. June 11, 2020) ("[T]he lesser sanction of a dismissal without prejudice equally 'serves the district court's need to clear its calendar.'" (quoting *Thrall v. Central New York Regional Trans. Authority*, 399 F. App'x 663, 666 (2d Cir. 2010))).

4

*Fifth*, where Price has failed to communicate with this Court and ignored the Court's orders despite repeated warnings of the potential consequences, there are no weaker sanctions that could remedy his failure to prosecute other than dismissal. Dismissal is appropriate where, as here, Price "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective). Because Price is *pro se*, the Court finds dismissal without prejudice a sufficient sanction at this time. *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)).

### III. CONCLUSION

For the reasons discussed above, the Court dismisses Price's case without prejudice.

The Clerk of Court is respectfully directed to terminate any pending motions and close the case. The Clerk of Court is further respectfully directed to mail a copy of this order to Price and note service on the docket.

It is SO ORDERED.

Dated: August 29, 2022
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Edgardo Ramos, U.S.D.J.